# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SNAPNMEDTECH, INC., a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>EMBASSY WOODLAND PARK, LLC d/b/a EMBASSY OF WOODLAND PARK, a Pennsylvania entity<br><br>Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff SnapMedTech, Inc. ("SnapNurse") files this Original Complaint against Defendant Embassy Woodland Park, LLC ("Embassy") and alleges as follows:

**I.     THE PARTIES**

1. Plaintiff SnapMedTech, Inc. is a Delaware corporation having its principal place of business at 1201 Peachtree Street NE, Building 400, Suite 1800, Atlanta, Georgia 30361.

2. Defendant Embassy is a Pennsylvania limited liability company having a its principal place of business at 18889 Croghan Pike, Orbisonia, Pennsylvania

1

17243.  Embassy's registered agent is Corporation Service Company, located at 2595 Interstate Drive, Suite 103, Harrisburg, Pennsylvania 17110.  Embassy can be served at its principal place of business or by and through its registered agent.

## II.   JURISDICTION AND VENUE

3. This is an action for breach of contract between parties of complete diversity in terms of state citizenship, and the amount in controversy exceeds $75,000.  Accordingly, this Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. § 1332(a).

4. Personal jurisdiction over Embassy is proper in this Court and judicial district because Embassy has sufficient minimum contacts with this state by engaging in activities giving rise to these claims for breach of contract that were and are directed at this judicial district.

5. Personal jurisdiction over Embassy is proper in this Court and judicial district under the controlling law provision in the Crisis Staffing Agreement between the parties. Exhibit A, Agreement at 3 ¶ O.

6. Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to SnapNurse's claims have occurred within this judicial district.

## III.   BACKGROUND

7. SnapNurse is a provider of technology-enabled contract nursing services. The company assists healthcare facilities throughout the country in securing nurses and other health care professionals to work on a short to medium term basis.

8. In doing so, SnapNurse works to retain qualified, licensed, and accredited health care personnel that meet the needs of its health care facility clients. SnapNurse then compensates the personnel for the time and work and invoices the facility for payment based on agreed-upon rates with the facility.

9. On December 17, 2020, Cherie Kloss, SnapNurse's Chief Executive Officer, executed a Crisis Staffing Agreement ("Agreement") with Embassy. Allison Daugherty, Embassy's nursing home administrator, signed the agreement on behalf of Embassy. *See* Ex. A, Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly executed and delivered by their respective authorized officers as of the date first written above.

| Embassy Woodland Park, LLC d/b/a Embassy of Woodland Park | SnapNurse, Inc. |
|---|---|
| Signature: *Allison Daugherty* | Signature: *Cherie Kloss* |
| Allison Daugherty | Cherie Kloss |
| [Print Name] 12/17/2020 | Cherie Kloss  12/17/2020 |
| Title | CEO              Date |
| Date | |

Ex. A, at 3.

10. Immediately thereafter, Embassy submitted an initial order to SnapNurse for nurses to begin work at Embassy.

11. SnapNurse proceeded to retain qualified nursing personnel to fill the order Embassy submitted to SnapNurse. Beginning in late December 2020, SnapNurse personnel began shifts performing nursing duties at Columbus. SnapNurse paid significant sums for travel and housing expenses for the nurses to arrive as contemplated at Embassy.

12. After SnapNurse provided nursing personnel that had capably performed and completed shifts at Embassy, Embassy failed to pay the amount owed under the Agreement, which provides the hourly rates for the nurses requested.

*STAFFING AGREEMENT*

**EXHIBIT 1**

**SERVICE RATES FOR CLIENT (Section IV.A.)**

| ***Crisis Response Clinical Staff Rates | ***All-Inclusive Rates |
|---|---|
| Certified Nursing Assistant (CNA) | $69-71/hr |
| Licensed Practical Nurse (LPN) | $89-91/hr |
| Registered Nurse (RN) | $139-145/hr |

***Crisis Rates (all-inclusive of travel and hotel expenses) are for 72 hour Crisis Response and delivery during a crisis situation, such as Covid-19 support at a facility, strikes, and/or similar crisis situations.

*Length of Assignment:  Minimum 4 weeks up to 13 weeks, depending on Service Level Desired. GWW (Guaranteed Work Week): 48 hours per week*

Ex. A, at 4.

13.   Since beginning the engagement with Embassy pursuant to the Crisis Staffing Agreement, SnapNurse provided nursing services and accordingly invoiced Embassy--$327.857.23 remains unpaid.  Ex. B, Unpaid Invoices.

14.   Pursuant to the Crisis Staffing Agreement, Embassy was required to pay SnapNurse's invoices within 30 days of the invoice.

> **VI. INVOICING**
>
> Agency will invoice Client weekly for Staff's work. All invoices are due and payable within 30 days of receipt. Agency invoices to Client unpaid after 30 days of receipt shall accrue interest at a rate of one and a half percent (1.5%) per year, or fraction thereof. If a dispute arises about an invoice, Client shall pay the undisputed amount pending the parties' resolution of the disputed amount. All payments to Agency shall be made by wire transfer.

Ex. A, at 2.

15.   In addition, the Agreement provides that a prevailing party may recover attorneys' fees for any dispute arising under the agreement, including the recovery of amounts due on invoices.

> N. <u>Attorney Fees</u>. The prevailing Party in any arbitration or lawsuit arising from any dispute or claim under this Agreement shall be entitled to recover its reasonable attorney's fees, costs and expenses.

Ex. A, at 3.

16. SnapNurse invoiced Embassy for an amount equal to $327,857.23. Embassy has failed to pay any of the invoices despite repeated request, including through an attorney written demand letter sent on October 21, 2021. Ex. B, Unpaid Invoices.

17. At the same time, SnapNurse dutifully paid the nurses that have performed services for Embassy and reimbursed the expenses of those nurses.

18. SnapNurse has reached out to Embassy through a number of channels and provided Embassy every opportunity to make payment. Embassy has largely ignored SnapNurse's outreach and has made no indication it intends to make any payment to SnapNurse.

### IV. CAUSE OF ACTION

#### CLAIM I—BREACH OF CONTRACT

19. SnapNurse incorporates by reference all previous allegations as though set forth fully here.

20. A claim for breach of contract requires (1) a valid contract, (2) a breach of its material terms, and (3) damages arising therefrom.

21. SnapNurse and Embassy entered into the Agreement on December 17, 2020. *See* Ex. A, Agreement. Embassy submitted orders for nursing personnel

pursuant to the Agreement. The Agreement was a valid and binding contract throughout the duration of the relationship between SnapNurse and Embassy.

22. Embassy breached the Agreement by failing to pay the invoices SnapNurse submitted to Embassy for payment of services provided.

23. SnapNurse has incurred significant monetary damages as a result of Embassy's breach, including direct and consequential damages, along with attorneys' fees, court costs, and other expenses.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff SnapNurse respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff SnapNurse that Defendant Embassy has breached the parties' agreements, including the Crisis Staffing Agreement;

b. A judgment and order requiring Defendant Embassy to pay SnapNurse its damages, costs, expenses, attorneys' fees, and prejudgment and post-judgment interest for Defendant Embassy's breach of contract; and

c. Any and all other relief as this Court may deem just and proper be awarded to Plaintiff SnapNurse.

## VI. DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), SnapNurse hereby demands a trial by jury of any issues so triable by right.

Dated: December 16, 2021  Respectfully submitted,

/s/ Brannon McKay
Brannon McKay
Georgia Bar Number 558603
Josh Clayton
Texas Bar Number 24050426*
(*pro hac vice application forthcoming)
800 Battery Avenue SE, Suite 100
Atlanta, GA 30339
Tel. 713.410.6217
brannon@cmblaw.com
josh@cmblaw.com

*Counsel for Plaintiff SnapNurse, Inc.*